UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SCOTT IAN RICHARDSON,<br>    *Plaintiff*, | )<br>)<br>) | |
|     *vs.* | ) | 1:12-cv-00631-JMS-TAB |
| THE KOCH LAW FIRM, P.C.,<br>    *Defendant.* | )<br>)<br>) | |

## **ORDER TO SHOW CAUSE**

Plaintiff Scott Richardson alleges that the Koch Law Firm ("Law Firm") violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect a judgment its client, the Trustees of Indiana University ("Trustees"), obtained against him in a state court lawsuit. [Dkt. 1.] Mr. Richardson claims that the judgment was void because it was obtained during the pendency of a voluntary Chapter 7 bankruptcy petition he filed in the United States Bankruptcy Court for the Southern District of Indiana, Case No. 00-10506-JKC-7 ("Bankruptcy Case"). [*Id.* at 2, ¶¶ 9, 12.]

On July 2, 2012, the Law Firm filed a Motion to Dismiss Mr. Richardson's Complaint. [Dkt. 9.] In reviewing the briefs and exhibits relating to that motion, the Court learned that Mr. Richardson filed two motions to reopen the Bankruptcy Case on the day before and the day after he filed his Complaint here. [Dkt. 10-2 at 2.] In order to determine the current status of the Bankruptcy Case, the Court reviewed the updated Bankruptcy Case docket and found that the Bankruptcy Case was re-opened on May 15, 2012 – five days after Mr. Richardson filed the Complaint here – and remains so today. [Dkt. 21 in the Bankruptcy Case.] The Court's review

of the docket in the Bankruptcy Case further shows that Mr. Richardson has not disclosed the claims he asserts in this case to the Bankruptcy Court since the Bankruptcy Case was re-opened.[1]

"The threshold question in every case is the power of the Court to entertain the lawsuit…." *Hoffman v. Gard*, 2010 U.S. Dist. LEXIS 112245, *4 (S.D. Ind. 2010). Counsel has a professional obligation to analyze subject matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Whether or not a plaintiff has standing to bring a lawsuit is a jurisdictional requirement. *Hoffman*, 2010 U.S. Dist. LEXIS 112245 at *2. In order to make the necessary factual determinations to resolve its own jurisdiction, the Court may consider evidence beyond the pleadings. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

A Chapter 7 debtor must disclose all property of the estate, including interests which arise post-petition. *See* 11 U.S.C. § 541(a)(7) (property of the bankruptcy estate includes "[a]ny interest in property that the estate acquires after the commencement of the case"); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) (debtor's duty to disclose financial affairs in bankruptcy filings "is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change"); *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993) ("every conceivable interest of the

---

[1] The Bankruptcy Case docket indicates that Mr. Richardson filed a separate lawsuit against the Trustees in the United States Bankruptcy Court for the Southern District of Indiana, alleging that the Trustees willfully violated the stay imposed by 11 U.S.C. § 362(a) when they pursued the State Court Lawsuit after the Bankruptcy Case was filed. [Dkt. 1 in *Richardson v. Trustees of Indiana Univ.*, Case No. 12-50165.] Mr. Richardson has filed a copy of the Complaint from that case in the Bankruptcy Case. [Dkt. 23 in the Bankruptcy Case.]

debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541").

Failure to disclose claims in a bankruptcy may result in the debtor losing standing to pursue those claims. *Sain v. HSBC Mortg. Servs.*, 2009 U.S. Dist. LEXIS 77336, * 11 (D. S.C. 2009) (holding plaintiff did not have standing to pursue FDCPA claims where he was in Chapter 7 bankruptcy and had not disclosed existence of claims in the bankruptcy proceeding, and stating "even a cause of action of which the debtor is unaware at the time of the filing of the bankruptcy petition is part of the estate") (citation omitted). Once the debtor loses standing, the court loses subject-matter jurisdiction over his claims. *Id.* at *13.

Accordingly, the parties are **ORDERED TO SHOW CAUSE**, in writing, by **October 26, 2012**, why the Court should not dismiss this case based on Mr. Richardson's lack of standing to pursue his claims and, consequently, this Court's lack of subject-matter jurisdiction. They may file a joint statement or competing statements by that date. If competing statements are filed, no response is necessary.

10/15/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Ohn Park
RUBERRY STALMACK & GARVEY LLC
ohn.park@rsg-law.com

Edward F. Ruberry
RUBERRY STALMACK GARVEY LLC
ed.ruberry@rsg-law.com